UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DENNIS LEE ADKINS | : | |
| | : | PRISONER |
| v. | : | Case No. 3:05CV1113 (SRU) |
| | : | |
| WARDEN, STATE PRISON | : | |

RULING ON MOTION FOR RECONSIDERATION

Dennis Lee Adkins, an inmate confined at the Cheshire Correctional Institution in Cheshire, Connecticut, filed this action seeking a writ of habeas corpus[1] pursuant to 28 U.S.C. § 2254. He raised four grounds for relief: (1) actual innocence, (2) ineffective assistance of trial counsel, (3) invalidity of his guilty plea, and (4) the prosecutor's failure to disclose evidence. On December 16, 2005, I dismissed Adkins' petition without prejudice for failure to exhaust state court remedies. I concluded that Adkins had not exhausted his state court remedies because Adkins stated in the petition that he did not present any of his grounds for relief to the Connecticut Supreme Court.

Adkins now asks for reconsideration of the dismissal. He attaches to his motion copies of letters from his attorney stating that the attorney would not seek certification from the Connecticut Appellate Court and from the Office of the Public Defender stating that the decision whether to seek certification was made by appointed counsel and that the office would not

---

[1] Adkins pled guilty, under the Alford doctrine, to charges of felony murder, murder and carrying a pistol without a permit and was sentenced to a term of imprisonment of thirty-five years.

intercede. Adkins also provides a copy of a second state habeas in which he attempted to raise his fourth ground for relief. The petition was returned to Adkins with a letter stating that the state court will not issue a writ on a ground that already had been raised.

The standard for granting a motion for reconsideration is strict. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. The function of a motion for reconsideration thus is to present the court with an opportunity to correct "manifest errors of law or fact or to consider newly discovered evidence . . . ." LoSacco v. Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993), aff'd, 33 F.3d 50 (2d Cir. 1994).

Adkins argues that the court should waive the exhaustion requirement because requiring him to exhaust his state court remedies is now futile. I disagree.

Before the Connecticut Appellate Court issued its decision, Adkins' attorney informed him that he did not intend to seek certification from the Connecticut Supreme Court. At that time, Adkins wrote a letter to the attorney, the Appellate Court and the trial court stating his desire to seek certification and requesting appointment of another attorney. Because the Appellate Court does not appoint counsel, the court referred the letter to the Office of the Public Defender. (See Mot. for Reconsideration Ex. 2.) Any request for certification at that point would have been premature, because the appeal had not yet been decided. Although the Office of the Public Defender declined to appoint another attorney to assist Adkins, he was not prevented from filing a petition for certification on his own and he has provided no evidence that he attempted to do so.

2

Connecticut Rules of Appellate Procedure provide that a party may be permitted to file a late petition for certification.  <u>See</u> Conn. R. App. P. 60-2.  Because Adkins still can seek leave to file a petition for certification, requiring him to exhaust his state court remedies with regard to the first three grounds for relief is not an exercise in futility.

Adkins next argues that requiring him to exhaust his fourth ground for relief is futile because the state court rejected his attempt to file a second state habeas petition raising that ground.  Adkins has submitted a copy of the second state habeas petition and the letter from the Superior Court Clerk rejecting the petition because the issues already had been addressed.  (See Mot. for Reconsideration Ex. 5.)

The Connecticut Appellate Court characterized the grounds for relief raised in Adkins' state habeas petition differently than Adkins did.

> Adkins [] alleges in his petition . . . that he was denied the effective assistance of counsel at the trial level in violation of the Sixth and Fourteenth Amendments to the United States Constitution and consequently that he should be allowed to withdraw his plea of guilty.  The petitioner also alleges that there is newly discovered evidence to prove that he is actually innocent of the offence to which he pled guilty.

<u>Adkins v. Warden</u>, No. CV020003561, 2003 WL 22480332, at *1 (Conn. App. Oct. 10, 2003).  The state appellate court considered grounds two and three of the federal petition as part of the first claim and grounds one and four as part of the second claim.  Thus, the fact that Adkins was unable to file a second state habeas petition to raise his fourth ground for relief does not render the exhaustion process futile.  The state court considered Adkins' claims that the state court failed to release all of the witness statements against Adkins at the habeas hearing.  Thus, Adkins' statement that he did not present his final ground for relief to any state court is incorrect.

The fourth ground for relief, therefore, must still be fully exhausted, for the reasons discussed above.

Adkins' motion for reconsideration [**doc. #11**] is **GRANTED**.  After careful consideration, however, the requested relief is **DENIED**.  Adkins may file another federal habeas petition after he exhausts his state court remedies.

**SO ORDERED** this 28th day of June 2006, at Bridgeport, Connecticut.

    /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge